<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHANE ALDERMAN,<br><br>                    Plaintiff,<br><br>         v.<br><br>METROPOLITAN GOLF GROUP, LLC, *et al.*,<br><br>                    Defendants. | Civil Action No. 25-12974 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

<u>SHIPP, District Judge</u>

This matter comes before the Court upon four separate motions to dismiss various claims of the First Amended Complaint (the "FAC") (ECF No. 10) filed by Defendants Detlev Williams ("Williams"), Kaitlin Hogan ("Hogan"), Metropolitan Golf Group, LLC ("Golf Group"), and Chris Schiavone ("Schiavone," and collectively with the others, "Defendants"): (1) Hogan and Williams's Motion to Dismiss Count I (ECF No. 12); (2) Hogan and Williams's Motion to Dismiss Counts IV and V (ECF No. 14); (3) Golf Group and Schiavone's Motion to Dismiss Count I (ECF No. 26); and (4) Golf Group and Schiavone's Motion to Dismiss Counts IV and V (ECF No. 27). Plaintiff Shane Alderman ("Plaintiff") opposed all four motions (ECF Nos. 15, 16, 29, 30), and Defendants replied to the oppositions pertaining to the motions to dismiss Counts IV and V (ECF Nos. 18, 20[1], 31). The Court has carefully considered the parties' submissions and reaches its

---

[1] After initially filing their reply without a proper electronic signature (ECF No. 17), Williams and Hogan subsequently refiled their reply (ECF No. 18) and then filed correspondence attaching a declaration (ECF No. 20) for the Court's consideration. In deciding these motions, the Court considers both ECF Nos. 18 and 20 submitted by Williams and Hogan.

decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Defendants' motions are denied.

## I.      BACKGROUND

### A.      Factual Background[2]

Plaintiff, an individual residing in New York, brings the FAC against Defendants alleging various claims related to Defendants' purported "unauthorized use and commercial exploitation of Plaintiff's copyrighted works[.]" (FAC ¶¶ 1, 4, ECF No. 10.) Golf Group is a business located in Monroe Township that "owns, manages, and operates Forsgate Country Club [('Forsgate')] as its business trade name and public-facing brand." (*Id.* ¶¶ 5-6.) Schiavone is the owner of the Golf Group and is "responsible for oversight of business operations[.]" (*Id.* ¶ 9.) Williams is alleged to be an officer or agent of the Golf Group who "participated directly in the infringing conduct." (*Id.* ¶ 7.) Hogan is alleged to be "an employee or officer involved in marketing or media and was directly aware of and complicit in the ongoing unauthorized use of Plaintiff's copyrighted works." (*Id.* ¶ 8.)

"Plaintiff is the sole author and copyright owner of the original motion picture *Steamshovel: A Tribute to Charles Banks* and derivative screenshots thereof" (the "Copyrighted Work"), which was created in 2017 for the Golf Group "without compensation at [Golf Group's] request, but not as a work-for-hire or under any agreement transferring rights." (*Id.* ¶ 13; *see also*

---

[2] For the purpose of considering the instant motions, the Court accepts all factual allegations in the FAC as true and considers the exhibits attached to the FAC. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (noting that the court can "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents" on a motion to dismiss under Rule 12(b)(6) (citation omitted)).

*id.* ¶ 14 (noting "[n]o written license agreement, work-for-hire contract, or assignment of copyright ownership was ever executed").) Plaintiff undertook this project as a means of expanding his portfolio, but he understood that the work would remain his own intellectual property and that he would be compensated for any future work. (*Id.*)

In May 2018, Defendants approached Plaintiff in an effort to purchase rights to Plaintiff's footage for a separate marketing video, *Forsgate is for You*, which was produced by another external agency. (*Id.* ¶ 15.) This request came as a surprise to Plaintiff, who expected to be retained to lead Forsgate's 2018 promotional photo and video campaigns. (*Id.*) During the meeting to discuss Defendants' request, "Plaintiff expressly refused to sell the footage and formally revoked all rights—express or implied—to use the [Copyrighted Work] or any derivative thereof." (*Id.* ¶ 16.)

Plaintiff alleges that despite his revocation of rights during the meeting with Defendants, Defendants continued to "exploit Plaintiff's [Copyrighted Work] and derivative content across digital platforms for several years, without authorization, credit, or compensation." (*Id.* ¶ 17.) In March 2025, Plaintiff discovered that Defendants were still using his materials across multiple promotional efforts and had removed visible watermarking. (*Id.* ¶ 18.)

Then, on March 16, 2025, "Plaintiff issued a formal takedown demand and notice of revocation via registered mail" that was received by Defendants three days later. (*Id.* ¶ 19.) On March 18, 2025, Plaintiff obtained U.S. Copyright Registration No. PA-2-533-061 for the Copyrighted Work. (*Id.* ¶ 20.) On April 1, 2025, Williams sent correspondence to Plaintiff threatening sanctions and claiming that "Forsgate had no legal obligation to remove the content . . . ." (*Id.* ¶¶ 21-22.) Two days later, Schiavone sent correspondence to Plaintiff and "asserted that the footage was only used in 2022[.]" (*Id.* ¶¶ 26-27.) The same day Schiavone sent

3

correspondence, Hogan "provided written assurance that all infringing content had been removed." (*Id.* ¶ 29.) Plaintiff claims that despite Defendants' various representations, Defendants had commenced an advertising campaign on or around April 1, 2025, that leveraged Plaintiff's derivative work. (*Id.* ¶ 31.)

As a result, Plaintiff claims specific infringing uses of his Copyrighted Work: (1) one "derivative photograph on all pages of Forsgate's in the 'call to action' footer website representing no fewer than six [] separate displays of a single derivative work"; (2) three "derivative stills on the Golf page"; (3) two "derivative photographs on the homepage"; (4) four "repurposed video edits with watermark removed"; (5) one "derivative Facebook® banner"; (6) one "derivative "YouTube® banner"; (7) one "derivative photo used in an advertising retargeting banner"; and (8) one "full-length promotional video[.]" (*Id.* ¶ 39.) All but one of these infringements occurred prior to March 18, 2025. (*Id.* ¶ 40.)

### B.    Procedural Background

Plaintiff, proceeding pro se, initially brought suit against Defendants in July 2025. (*See generally* Compl., ECF No. 1.) On August 5, 2025, Plaintiff filed the FAC asserting nine counts: (1) post-registration willful copyright infringement ("Count I"); (2) pre-registration willful copyright infringement ("Count II"); (3) removal of copyright management information for the promotional video ("Count III"); (4) removal of copyright management information for the main retargeting banner ("Count IV"); (5) removal of copyright management information for the website photographs ("Count V"); (6) fraudulent misrepresentation ("Count VI"); (7) civil conspiracy ("Count VII"); (8) conversion ("Count VIII"); and (9) unjust enrichment ("Count IX"). (FAC ¶¶ 49-122.) Defendants subsequently filed multiple motions to dismiss Counts I, IV, and V of the FAC. (*See generally* Hogan & Williams's Mot. to Dismiss Count I, ECF No. 12;

Hogan & Williams's Mot. to Dismiss Counts IV & V, ECF No. 14; Golf Grp. & Schiavone's Mot. to Dismiss Count I, ECF No. 26; Golf Grp. & Schiavone's Mot. to Dismiss Counts IV & V, ECF No. 27.) Plaintiff opposed all four motions to dismiss. (*See generally* Pl.'s Opp'n Brs., ECF Nos. 15, 16, 29, 30.) Thereafter, Defendants replied in further support of their motions to dismiss Counts IV and V. (*See generally* Hogan & Williams's Reply Br., ECF No. 18; Golf Grp. & Schiavone's Reply Br., ECF No. 31.)

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure[3] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*,

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.    <u>DISCUSSION</u>

Defendants argue that Counts I, IV, and V should be dismissed. For the reasons discussed below, the Court disagrees.

### A.    Count I

Defendants argue that Count I should be dismissed in its entirety because "Plaintiff is not entitled to recover statutory damages under 17 U.S.C. §§ 504(c) and 505 because the alleged infringement . . . occurred after Plaintiff's copyright registration [and, therefore,] is not a 'new' act of infringement."[4] (Hogan & Williams's Count I Moving Br. 9-10, ECF No. 12-1; Golf Grp. & Schiavone's Count I Moving Br. 8-9, ECF No. 26-1.)

Pursuant to 17 U.S.C. § 504(c), "[a] copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action[.]" 17 U.S.C. § 504(c)(1). Moreover, "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] may

---

[4] Defendants do not argue that Plaintiff has failed to otherwise plead the elements of a willful copyright infringement claim. (*See generally* Hogan & Williams's Count I Moving Br.; Golf Grp. & Schiavone's Count I Moving Br.); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (noting the two elements of copyright infringement: "(1) ownership of a valid copyright[;] and (2) copying of constituent elements of the work that are original"). The Court, therefore, construes Defendants' motions as seeking only to bar Plaintiff from recovering statutory damages. *See, e.g., Avraham v. Golden*, No. 18-11795, 2020 WL 2214535, at *6 (D.N.J. May 7, 2020) (analyzing whether plaintiff was barred from seeking statutory damages for copyright infringement at the motion to dismiss stage).

also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. This recovery, however, is limited such that:

> no award of statutory damages or of attorney's fees, as provided by [S]ections 504 and 505 shall be made for[:] (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. "[I]nfringement commences for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Greenfield v. Twin Vision Graphics, Inc.*, 268 F. Supp. 2d 358, 385 (D.N.J. 2003) (quotation marks and citation omitted).

Here, Plaintiff alleges that: (1) "Plaintiff is the sole author and copyright owner of [the Copyrighted Work]" which was created in 2017 for Golf Group at its request, but with the understanding that Plaintiff would retain the intellectual property rights; (2) Plaintiff revoked Defendants' rights to use the Copyrighted Work in May 2018; (3) in March 2025, "Plaintiff discovered that Defendants had . . . continued using his copyrighted materials"; (4) on March 16, 2025, Plaintiff issued a formal take down notice; (5) on March 18, 2025, Plaintiff sought and was granted a copyright registration for the Copyrighted Work; (6) "[o]n or about April 1, 2025, Defendants commenced a new act of copyright infringement by publishing a commercial advertising banner that incorporated content derived from [the Copyrighted Work]"; (7) Defendants "willfully copied and publicly displayed this derivative work across third-party digital advertising platforms as part of a retargeting campaign, without Plaintiff's authorization or compensation"; (8) "[t]his act occurred after the effective date of Plaintiff's copyright registration (March 18, 2025)"; and (9) Plaintiff is, accordingly, eligible for and "seeks statutory damages . . . in addition to attorney's fees and costs." (FAC ¶¶ 13, 15-16, 18-20, 50-52, 54.)

Defendants argue that their purported infringement "began many years prior to Plaintiff obtaining the [copyright] registration." (Hogan & Williams's Count I Moving Br. 8; Golf Grp. & Schiavone's Count I Moving Br. 7.) As Plaintiff notes, however, a factual dispute, which cannot be decided at this stage, exists as to whether the post-registration infringement is a continued infringement or a new infringing act.[5] (Pl.'s Opp'n Br. to Gold Grp. & Schiavone's Mot. to Dismiss Count I 6, ECF No. 29); *see also, e.g.*, *May v. Sony Music Ent.*, 399 F. Supp. 3d 169, 194 (S.D.N.Y. 2019) ("[T]he evidence may well confirm that the alleged series of acts are sufficiently related to bar statutory damages and attorney's fees. . . . At this [motion to dismiss] stage, however, the [c]ourt cannot conclude that there are no aspects of the alleged infringing acts that would not constitute a new infringing act for purposes of the registration rule.").

Defendants' motions to dismiss Count I (or to otherwise bar Plaintiff from seeking statutory fees) are, accordingly, denied.

### B.    Counts IV & V

Defendants also argue that Counts IV and V should be dismissed because "Plaintiff's allegations of removal of copyright management information and manipulation of the copyrighted work to create the photographs used in [the] digital advertising banner and website fail on their face because the photographs were created separately . . . and they did not contain copyright management information for [D]efendants to have allegedly removed." (Hogan & Williams's Counts IV & V Moving Br. 6-7, ECF No. 14-1; Golf Grp. & Schiavone's Counts IV & V Moving Br. 6, ECF No. 27-1.)

---

[5] As Plaintiff further notes, a factual dispute also exists as to when the first infringing use, that is the first *unauthorized* use, commenced. (Pl.'s Opp'n Br. to Golf Grp. & Schiavone's Mot. to Dismiss Count I 6.)

Pursuant to § 1202 of the Digital Millennium Copyright Act (the "DMCA"), "[n]o person shall, without the authority of the copyright owner or the law . . . intentionally remove or alter any copyright management information, [or] . . . distribute . . . copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law[.]" 17 U.S.C. § 1202(b). Under the statute, "copyright management information" is defined to include "information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form" such as: (1) "[t]he title and other information identifying the work, including the information set forth on a notice of copyright"; (2) "the author of the work"; and (3) "[t]he name of, and other identifying information about, the copyright owner of the work[.]" *Id.* § 1202(c).

In support of their motions, Defendants attach Exhibit B and argue that the exhibit "shows a screenshot from . . . Hogan's computer of the shared Google drive folder Plaintiff shared with [D]efendants" and that "no copyright management information can be seen on" the photographs. (Hogan & Williams's Counts IV & V Moving Br. 7; Golf Grp. & Schiavone's Counts IV & V Moving Br. 7; Ex B., ECF Nos. 14-3, 27-4.) As Plaintiff challenges the veracity of Exhibit B that Defendants attach to their motions, however, the Court will not consider it. (*See* Pl.'s Opp'n Br. to Hogan & Williams's Mot. to Dismiss Counts IV & V *3[6], ECF No. 16 (arguing that the documents Defendants attached were cropped and altered); Pl.'s Opp'n Br. to Golf Grp. & Schiavone's Mot. to Dismiss Counts IV & V 5, ECF No. 30 (same)); *Guidotti*, 716 F.3d at 772 (noting that the court can consider "*undisputedly authentic* documents" at the motion to dismiss stage (emphasis added) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)). Moreover, as Plaintiff articulates, Defendants' argument that "Plaintiff's allegations of removal of copyright management

---

[6] Page numbers preceded by an asterisk refer to the page numbers noted in the ECF header.

9

information from the copyrighted work and the subsequent creation of photographs for [D]efendants['] digital advertising banner and website are false[,]" raises a factual dispute that cannot be resolved at this stage. (*See* Golf Grp. & Schiavone's Counts IV & V Moving Br. 7; Pl.'s Opp'n Br. to Golf Grp. & Schiavone's Mot. to Dismiss Counts IV & V 9); *Chung v. Shapiro & Denardo, LLC*, No. 14-6899, 2016 WL 10570919, at *2 (D.N.J. Jan. 29, 2016) ("Defendant's additional arguments . . . are factual challenges to the allegations of the [c]omplaint. Such factual disputes are not appropriate for a motion to dismiss.").

Here, Plaintiff alleges that: (1) Defendants created and distributed a digital advertising banner and photographs capturing still frames derived from the Copyrighted Work, all of which "originally contained a visible watermark identifying Plaintiff as the author and copyright holder"; (2) Defendants deliberately removed this information "to conceal authorship and exploit Plaintiff's work without attribution"; (3) the removed watermarks constitute copyright management information; and (4) as a result, Plaintiff is entitled to statutory damages, in addition to costs and attorney's fees. (FAC ¶¶ 75-80, 83-90.) Such allegations are sufficient to state a claim under § 1202 of the DMCA. *See Murphy v. Millenium Radio Grp., LLC*, 650 F.3d 295, 301 (3d Cir. 2011) (discussing statutory requirements for a § 1202 claim under the DMCA); *Quality Line Express, LLC v. Little Chubby One, Inc.*, No. 22-7456, 2024 WL 5248027, at *5 (D.N.J. Dec. 30, 2024).

Defendants' motions to dismiss Counts IV & V are, accordingly, denied.

IV.    **CONCLUSION**

For the reasons set forth above, Defendants' motions are denied. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated:____3/25/26_____

11