**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANE ALDERMAN,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN GOLF GROUP, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 25-12974 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Counterclaim Defendant Shane Alderman's ("Alderman" or "Counterclaim Defendant") Motion for Judgment on the Pleadings (ECF No. 38) pursuant to Federal Rule of Civil Procedure[1] 12(c) on Counterclaim Plaintiffs Metropolitan Golf Group, LLC ("Metropolitan Golf Group") and RDC Forsgate Partners, LLC's ("RDC" and collectively with Metropolitan Golf Group, "Counterclaim Plaintiffs") Counterclaims (ECF No. 28). Counterclaim Plaintiffs opposed (ECF No. 39), and Counterclaim Defendant replied (ECF No. 40). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Counterclaim Defendant's Motion is denied.

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

# I. BACKGROUND[2]

## A. Factual Background

Metropolitan Golf Group, a defendant in the primary action, is a New York limited liability company that manages Forsgate Country Club ("Forsgate"). (Countercl. ¶ 3, ECF No. 28.) RDC is a New Jersey limited liability company that owns and does business at Forsgate, the property where the events giving rise to this litigation allegedly occurred. (*Id.* ¶ 4.) Alderman, plaintiff in the primary action, is the alleged creator of the works at issue. (*Id.* ¶ 5.)

Counterclaim Plaintiffs allege that, in or around late 2017, Alderman approached Forsgate's management "with an unsolicited proposal to film the property and its golf course." (*Id.* ¶ 11.) Counterclaim Plaintiffs further allege that Alderman "explicitly offered to create this content at no cost, stating that his objective was to build his own professional portfolio to advertise and gain business from other clubs." (*Id.*) Pursuant to that arrangement, Alderman filmed the property and provided Counterclaim Plaintiffs with free content for their use, including a Google Drive folder containing photographs of the golf course and YouTube links to video content. (*Id.* ¶ 13.) According to Counterclaim Plaintiffs, Alderman did not merely provide the visual content but actively encouraged Counterclaim Plaintiffs to use it for marketing purposes. (*Id.* ¶ 2.) In fact, Alderman represented that the content was provided for the parties' mutual benefit and "that Counterclaim Plaintiffs were authorized to use, edit, and display it freely." (*Id.* ¶ 22.) Alderman told Counterclaim Plaintiffs that the images could be "zoomed and cropped no problem," instructed them to post a video directly to Forsgate's Facebook page, urged them to create an

---

[2] Because a Rule 12(c) motion based on the defense that the plaintiff has failed to state a claim is analyzed under the same standard as a Rule 12(b)(6) motion, the Court accepts all factual allegations in the Counterclaims as true for purposes of considering the instant motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

Instagram account "ASAP," and monitored whether the content was displayed prominently enough. (*Id.* ¶¶ 14-17, 23, 25.)

Counterclaim Plaintiffs allege that they relied on Alderman's representations and used the materials in Forsgate's marketing from late 2017 through March 2025. (*Id.* ¶¶ 18, 26.) During that time, Alderman neither objected to Counterclaim Plaintiffs' use nor requested compensation, but abruptly changed course in March 2025 by accusing Counterclaim Plaintiffs of copyright infringement and threatening litigation. (*Id.* ¶ 19.) As a result of Alderman's alleged misrepresentations, Counterclaim Plaintiffs contend that they suffered damages, including the costs of removing established marketing materials, the expense of obtaining replacement content, and the legal costs incurred defending against this action. (*Id.* ¶¶ 27, 35.)

**B. Procedural Background**

Alderman, proceeding *pro se*, initiated this action against Metropolitan Golf Group, Chris Schiavone ("Schiavone"), Detlev Williams ("Williams"), and Kaitlin Hogan ("Hogan" and collectively with Schiavone and Williams, "Defendants") in July 2025. (*See generally* Compl., ECF No. 1.) On August 5, 2025, Alderman filed the First Amended Complaint (the "FAC"), asserting nine causes of action against Defendants: (1) post-registration willful copyright infringement ("Count I"); (2) pre-registration willful copyright infringement ("Count II"); (3) removal of copyright management information for the promotional video ("Count III"); (4) removal of copyright management information for the main retargeting banner ("Count IV"); (5) removal of copyright management information for the website photographs ("Count V"); (6) fraudulent misrepresentation ("Count VI"); (7) civil conspiracy ("Count VII"); (8) conversion ("Count VIII"); and (9) unjust enrichment ("Count IX"). (FAC ¶¶ 49-122, ECF No. 10.)

Defendants subsequently filed multiple motions to dismiss Counts I, IV, and V of the FAC. (*See generally* Hogan & Williams's Mot. to Dismiss Count I, ECF No. 12; Hogan & Williams's Mot. to Dismiss Counts IV & V, ECF No. 14; Golf Grp. & Schiavone's Mot. to Dismiss Count I, ECF No. 26; Golf Grp & Schiavone's Mot. to Dismiss Counts IV & V, ECF No. 27.) Alderman opposed all four motions to dismiss. (*See generally* Pl.'s Opp'n Brs., ECF Nos. 15, 16, 29, 30.) On January 5, 2026, Metropolitan Golf Group and Schiavone filed an Answer to the FAC, and Metropolitan Golf Group and RDC asserted counterclaims against Alderman for fraudulent misrepresentation and negligent misrepresentation. (*See generally* Answer & Countercl., ECF No. 28.) The Court thereafter issued a Memorandum Opinion denying Defendants' motions to dismiss. (*See generally* Mem. Op., ECF No. 36; Order, ECF No. 37.) Alderman subsequently filed the instant Motion for Judgment on the Pleadings seeking dismissal of both Counterclaims. (*See generally* Mot. for J. Pleadings, ECF No. 38.) Counterclaim Plaintiffs opposed (Countercl. Pls.' Opp'n Br., ECF No. 39), and Alderman replied (Countercl. Def.'s Reply Br., ECF No. 40).

## II. <u>LEGAL STANDARD</u>

Rule 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). A court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* (quoting *Jablonski*, 863 F.2d at 290-91). A Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion. *Revell*, 598 F.3d at 134.

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. <u>DISCUSSION</u>

Alderman argues that judgment on the pleadings is appropriate because: (1) Counterclaim Plaintiffs fail to allege any false statement of fact; (2) the Counterclaims improperly attempt to resolve disputed facts; (3) Counterclaim Plaintiffs fail to plead cognizable damages; (4) the fraud claim fails to meet the required level of specificity; and (5) Counterclaim Plaintiffs' theory fails as a matter of law. (*See generally* Countercl. Def.'s Moving Br., ECF No. 38-1.) For the reasons discussed below, the Court disagrees and finds that Counterclaim Plaintiffs have sufficiently alleged claims for fraudulent misrepresentation and negligent misrepresentation.

### A. Fraudulent Misrepresentation

To state a claim for fraudulent misrepresentation, a plaintiff must adequately allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510, 2018 WL 2455922, at *5 (D.N.J. May 31, 2018) (citations omitted). A fraudulent misrepresentation claim must also satisfy the heightened pleading standard which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). To satisfy that standard, a party must plead the circumstances of the alleged fraud with enough precision to place the opposing party on notice of the misconduct charged. *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004), *abrogated in part on other grounds by Twombly*, 550 U.S. at 557.

Here, the Court finds that Counterclaim Plaintiffs have sufficiently pleaded a claim for fraudulent misrepresentation. *First*, Counterclaim Plaintiffs adequately allege a material misrepresentation of presently existing or past fact, as they assert that: (1) Alderman created photographs and videos at no cost, actively encouraged their use for marketing, and then suddenly and unexpectedly reversed his position in March 2025 after nearly eight years of alleged acquiescence and encouragement; (2) Alderman materially misrepresented that "the visual content he provided was for the mutual benefit of the parties and that Counterclaim Plaintiffs were authorized to use, edit, and display [that content] freely"; and (3) Alderman conveyed that authorization through specific words and conduct, including by approaching Forsgate with an unsolicited proposal to film the property, offering to create the content at no cost, providing a Google Drive folder containing photographs, sharing YouTube links to video content, instructing

Counterclaim Plaintiffs to publish the video content, and stating that the images could be "zoomed and cropped[.]" (Countercl. ¶¶ 2, 11, 13, 22-23, 29.) The Court finds that these allegations identify both the substance and manner of the alleged misrepresentation with sufficient particularity to place Alderman on notice of the misconduct at issue. *See, e.g.*, *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 317 (3d Cir. 2014) (finding fraud claim sufficiently pleaded where the complaint quoted specific communications containing the alleged misrepresentations and alleged the purpose of those misrepresentations).

*Second*, Counterclaim Plaintiffs adequately allege knowledge of falsity because they allege that: (1) Alderman knew his representations were false or misleading when made, or made them with reckless disregard for their truth; and (2) Alderman encouraged Counterclaim Plaintiffs to display the works to enhance his own professional reputation while concealing "any intention to later claim such use was infringing, or to demand license fees after the content had been integrated into the club's brand." (Countercl. ¶ 24.) Viewed in the light most favorable to Counterclaim Plaintiffs, those facts sufficiently allege that Alderman knew the alleged representations concerning the scope of authorization were false or misleading when made or acted with reckless disregard for their truth.[3] *See Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 267-68 (N.J. 2005)

---

[3] Neither party cites authority addressing whether the allegations sufficiently plead knowledge of falsity. (*See generally* Countercl. Pls.' Opp'n Br.; Countercl. Def.'s Moving Br.) Counterclaim Plaintiffs, however, argue that Alderman's position that "[t]here is no requirement that a creator disclose future legal enforcement intentions when providing content" demonstrates his alleged "underlying intent to withhold and misrepresent information that should have been provided to Counterclaim Plaintiffs prior to the continued use of the visual content that spanned nearly eight years." (Countercl. Pls.' Opp'n Br. 7.) At this stage, the alleged circumstances support a plausible claim that Alderman knew his representations were false when made. *See Altomare Auto Grp., LLC v. Volkswagen Grp. of Am., Inc.*, No. 1753-20, 2023 WL 6930316, at *10 (N.J. Super. Ct. App. Div. Oct. 19, 2023) ("Misrepresentation of a present state of mind, with respect to a future matter, may be concluded . . . from circumstances indicating that the promisor must have known at the time of his promise that he could not or would not fulfill it." (quoting *Ocean Cape Hotel Corp. v. Masefield Corp.*, 164 A.2d 607, 613 (N.J. Super. Ct. App. Div. 1960))).

(finding misrepresentation allegations sufficient where the complaint alleged that defendant "knew of the true state of affairs" but nevertheless made a statement inconsistent with that knowledge, thereby "provid[ing] the basis for a . . . misrepresentation claim").

*Third*, Counterclaim Plaintiffs adequately allege both that Alderman intended to induce their reliance and that their reliance was reasonable, as they assert that: (1) Alderman instructed them to post the video directly to Forsgate's Facebook page; (2) Alderman demanded that the work be posted "ASAP"; (3) Alderman objected when he believed the content had not been displayed prominently enough; (4) Counterclaim Plaintiffs relied on those representations by using the materials in Forsgate's marketing for more than seven years; and (5) Alderman did not communicate the restrictions he later asserted. (Countercl. ¶¶ 18, 23, 25-26.) These facts are sufficient to allege that Alderman intended Counterclaim Plaintiffs to rely on his representations and that Counterclaim Plaintiffs' reliance was reasonable. *See, e.g.*, *Williams*, 765 F.3d at 317 (finding fraud claim sufficiently pleaded where complaint alleged that defendants made misrepresentations for the purpose of "obstructing, impeding, impairing, [or] terminating" litigation and plaintiffs allegedly relied on those communications by "settling, dismissing, or abandoning their claims" (alteration in original)); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (holding that the plaintiff satisfied Rule 9(b) by identifying in the complaint defendant's promise, alleging defendant's intent to induce reliance, and pleading that plaintiff relied on that promise to her detriment, and further concluding that plaintiff's alleged reliance was not "objectively unreasonable").

*Fourth*, Counterclaim Plaintiffs sufficiently allege resulting damages, including "the costs of removing established marketing materials, the expense of replacement content, and the

significant legal costs and time required to defend against Counterclaim Defendant's fabricated narrative of 'malicious' infringement." (Countercl. ¶ 27.)

The Court, therefore, finds that Counterclaim Plaintiffs have adequately alleged a claim for fraudulent misrepresentation.

**B. Negligent Misrepresentation**

To state a claim for negligent misrepresentation, a party must adequately allege "[a]n incorrect statement, negligently made and justifiably relied on, which results in economic loss." *Konover Constr. Corp. v. E. Coast Constr. Servs. Corp.*, 420 F. Supp. 2d 366, 370 (D.N.J. 2006) (alteration in original) (quotation marks omitted) (quoting *McClellan v. Feit*, 870 A.2d 644, 648 (N.J. Super. Ct. App. Div. 2005)).

The Court finds that Counterclaim Plaintiffs have sufficiently pleaded a negligent misrepresentation claim, as they assert that Alderman: (1) held himself out as a professional commercial enterprise; (2) provided technical specifications concerning the files and their editing capabilities; (3) represented, through his words and conduct, that Counterclaim Plaintiffs were authorized to use and modify the content; (4) stated that the files could be "zoomed and cropped"; (5) instructed Counterclaim Plaintiffs to place the video directly on Forsgate's Facebook page; (6) supplied high-resolution, watermark-free files; and (7) gave instructions concerning how the materials could be altered. (Countercl. ¶¶ 29, 31-32.) Counterclaim Plaintiffs further allege that they reasonably relied on those professional assurances and technical instructions in using the content to promote Forsgate and that such reliance was foreseeable because Alderman monitored their social-media channels to ensure that his instructions were followed. (*Id.* ¶¶ 33-34.) Finally, Counterclaim Plaintiffs allege that, as a result of Alderman's negligent misrepresentations,

Counterclaim Plaintiffs have suffered damages, including costs related to "removing established marketing materials, [and] the expense of replacement content." (*Id.* ¶ 27.)

## IV. CONCLUSION[4]

For the reasons set forth above, Counterclaim Defendant's Motion for Judgment on the Pleadings is denied. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 8/10/26

[4] As the Court found that Counterclaim Plaintiffs adequately allege claims for fraudulent misrepresentation and negligent misrepresentation, the Court rejects Counterclaim Defendant's other arguments. *See Rosenau*, 539 F.3d at 221 ("Under Rule 12(c) judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." (quoting *Jablonski*, 863 F.2d at 290-91)).